**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Genaro GUTIERREZ, Defendant—Appellant.**

**No. 00–50544.**

**D.C. No. CR–00–425–IEG.**

United States Court of Appeals, Ninth Circuit.

Submitted March 12, 2001.[1]

Decided March 28, 2001.

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

the district court. There was no clear error because although Gutierrez was a courier, four ounces of cocaine to be purchased for $2,000 need not be considered a small amount of drugs. *United States v. Hursh*, 217 F.3d 761, 770 (9th Cir.2000); *United States v. Davis*, 36 F.3d 1424, 1436–37 (9th Cir.1994). Accordingly, we affirm the district court's judgment.

AFFIRMED.

Before WALLACE, SILVERMAN, and W. FLETCHER, Circuit Judges.

## MEMORANDUM [2]

Genaro Gutierrez appeals his sentence imposed after his conviction by guilty plea for possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). He contends that the district court erred by making only a three-level downward adjustment and refusing to make a four-level downward adjustment under U.S.S.G. § 3B1.2(a) for his role in the criminal activity. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Gutierrez contends that the Sentencing Guidelines required the district court to find that he was a minimal participant in the criminal activity because the evidence showed that he was recruited to accompany a cocaine supplier and make only one delivery of approximately four ounces of drugs to a purchaser. U.S.S.G. § 3B1.2, comment. (nn.1–2). We reject the government's contention that we should review only for plain error; Gutierrez did not fail to request a four-level adjustment before

---

2.  This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

